# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **REGGENAL G. SMITH,** | § | |
| **Plaintiff** | § | |
| V. | § | CIVIL ACTION NO. 6:14-cv-00390-WSS |
| **FLEETWOOD HOMES also known as FLEETWOOD HOMES OF TEXAS; FLEETWOOD HOMES, INC.; & CAVCO INDUSTRIES, INC.,** | § § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Plaintiff, Reggenal G. Smith, and files this First Amended Original Complaint against Fleetwood Homes also known as Fleetwood Homes of Texas (Defendant 1); Fleetwood Homes, Inc. (Defendant 2); and Cavco Industries, Inc. (Defendant 3), hereinafter referred to jointly as "Defendants," and for cause of action would show the Court and Jury the following:

### Parties/Venue

1. Plaintiff is Reggenal G. Smith, an individual who is a resident of Texas.

2. The incidents in question occurred at Defendants' business location at 2801 Gholson Road, Waco, McLennan County, Texas.

3. Defendants are entities, one or more of which, employed Plaintiff and discharged him from employment by them on or about January 27, 2014.

4. At all relevant times related to this suit, Defendants were doing business under the name "Fleetwood Homes" and/or "Fleetwood Homes of Texas;" "Fleetwood Homes, Inc.," and "Cavco Industries, Inc." at 2801 Gholson Road, Waco, McLennan County, Texas and used those names as the common and/or assumed name(s) for the true entities which employed, discriminated against, and terminated Plaintiff's employment on January 27, 2014 at said location. Therefore, Plaintiff uses those names in bringing this suit against the true entity or entities that employed, discriminated against, and discharged Plaintiff from employment with it. Plaintiff brings this suit against the true entity or entities with which Plaintiff was employed, discriminated against, and was discharged from employment on or about January 27, 2014. However, should it be determined later that entities, other than those actually named herein as defendants, were the entities that also used the above names in employing, discriminating against, and terminating Plaintiff, Plaintiff reserves the right to amend this suit to include the true names of those entities as a defendant herein.

5. All Defendants have filed written answers to this suit.

## Facts

6. Plaintiff was a 19 year employee of Defendants working in electrical maintenance at Defendants' manufactured home plant at 2801 Gholson Road, Waco, Texas. Plaintiff worked as a full time employee of Defendants until he was discharged on or about

January 27, 2014.

7. For several months prior to his termination, Plaintiff was subjected to a racially hostile work environment by his supervisor and other employees, while working in the course and scope of his employment for Defendants. The supervisor used racial slurs regarding the Black race and treated Plaintiff differently than the other White employees because of Plaintiff's race/color.

8. Plaintiff complained to Defendants' management about the racial slurs, racist remarks and disparaging treatment by the supervisor and about racial slurs by another employee.

9. On January 24, 2014, Plaintiff went into the office to get needed paperwork. As an electrical maintenance worker for Defendants, Plaintiff carried tools with him in performing his daily work.

10. While Plaintiff was in the office, he inadvertantly picked up a tape measure and did not realize it was not his tape measure until he left the office and gone to another part of the plant. When he realized the tape measure was not his a few minutes after he left the office, Plaintiff placed it in an unlocked locker until he could determine where it belonged and return it.

11. On the same day Plaintiff took the tape measure, another employee, who either owned or was in charge of the tape measure, asked Plaintiff if he had seen the tape measure. The employee asked him prior to him having a reasonable opportunity to return the

tape measure. Plaintiff told the employee that he had inadvertently taken the tape measure and where it was located in the locker. In the past, Plaintiff had borrowed a tape measure and other tools from this employee without any problem. To Plaintiff, this seemed like an insignificant occurrence in his day.

12. However, on January 27, 2014, Plaintiff was called into the plant office by his supervisors (including the supervisor which Plaintiff had complained about to management regarding illegal racial discrimination) and accused of "stealing" the tape measure, even though Plaintiff had not even removed the tape measure from the plant and had given it back to the employee.

13. Without discussion about or consideration of any lesser discipline, Plaintiff was immediately terminated allegedly for this bogus trumped up theft charge, after 19 years of work for Defendants with a good disciplinary and work record.

## Causes of Action

14. Plaintiff is Black and is a member of the African-American race. As described above, Plaintiff was subjected to *race discrimination,* a *racially hostile work environment* and *retaliated against* for complaining of illegal racial discrimination by having his job terminated, all of which is prohibited by (1) the *Texas Commission on Human Rights Act*, *Texas Labor Code* §§ 21.001 et seq., hereinafter "the Texas Human Rights Act" or "TCHRA"; (2) *Title VII of the Civil Rights Act of 1964*; and (3) *42 U.S.C.§ 1981*. Plaintiff brings this suit under all of said statutes and seeks the protection and remedies allowed by

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION       Page 4 of 7

said laws.

15. At all times relevant to this action, Plaintiff was an "employee" and Defendants were "employers" as that term is defined under the laws described above in ¶ 14.

## Damages

16. As a result of the violation of the statutes stated in ¶ 14 above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

## Administrative Prerequisites

17. All conditions precedent to the cause of action have been performed or have occurred, including exhausting all required administrative remedies and receiving a right to sue from the appropriate agencies.

## Punitive Damages

18. Defendants' wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's state and federally protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendants.

## Attorney Fees

19. Plaintiff has also had to employ an attorney to vindicate his rights for being terminated, and seeks reasonable and necessary attorney fees.

## Prayer

WHEREFORE, Plaintiff requests that on final hearing Plaintiff be awarded damages as described above, in an amount within jurisdictional limits of the Court, punitive damages related to his discharge, costs of court, pre-judgment interest, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

**James R. (Jim) Dunnam**
SBOT No. 06258010
of
**DUNNAM & DUNNAM**
4125 West Waco Drive
Waco, Texas 76710
(254)753-6437
(254)753-7434
Email- jimdunnam@dunnamlaw.com
and
**Danny C. Wash**
SBOT No. 20896000
of
**WASH & THOMAS**
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
Email- danwash@washthomas.com

BY: /s/ *Danny C. Wash*
      Danny C. Wash

PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY

## CERTIFICATE OF SERVICE

This is to certify that on the date shown below the undersigned attorney complied with Rule 5 of the Federal Rules of Civil Procedure and all other applicable Federal Rules of Civil Procedure regarding service of notice of this document on Defendant's attorney of record on this January 28, 2014.

                                              */s/ Danny C. Wash*
                                                Danny C. Wash