**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **REGGENAL G. SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:14-cv-00390-WSS |
| | § | |
| **FLEETWOOD HOMES a/k/a** | § | |
| **FLEETWOOD HOMES OF TEXAS;** | § | |
| **FLEETWOOD HOMES, INC., and** | § | |
| **CAVCO INDUSTRIES, INC.,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Fleetwood Homes, Inc. d/b/a Fleetwood Homes of Texas ("Fleetwood") and Cavco Industries, Inc. ("Cavco") (hereinafter collectively referred to as "Defendants") file their Answer to Plaintiff's First Amended Complaint, and would respectfully show the Court the following:

Relative to each of the specific allegations in Plaintiff's First Amended Complaint ("Complaint"), Defendants hereby respond in the following numbered paragraphs, each of which correspond to the same numbered paragraph in the Plaintiff's First Amended Complaint.

1.  Defendants admit the allegations in Paragraph 1 of the Complaint.

2.  Defendants deny the allegations in Paragraph 2 of the Complaint.

3.  Defendants admit that Plaintiff was employed by Fleetwood Homes, Inc. and that his employment ended on January 27, 2014. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Fleetwood Homes, Inc. does business at 2801 Gholson Road, Waco, Texas.  Defendants further admit that Fleetwood Homes, Inc. employed Plaintiff and separated Plaintiff's employment.  Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that Plaintiff was employed by Fleetwood Homes, Inc. and that he was discharged on January 27, 2014.  Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff carried tools with him in performing his daily work.  Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to enable them to admit or deny the allegation contained in the last sentence in Paragraph 11 of the Complaint; therefore, the allegation is denied.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff was called into the plant office by his supervisor on January 27, 2014. Defendants also admit that Plaintiff did not remove the tape measure from the plant.  Defendants further admit that Plaintiff gave the tape measure back after repeated requests.  Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff was terminated and no lesser discipline was discussed. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff is Black and a member of the African-American race. Defendants also admit that Plaintiff has brought suit against Defendants, but Defendants deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff was an employee and Fleetwood Homes, Inc. was an employer. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

## **AFFIRMATIVE DEFENSES**

21. Plaintiff's claims for damages are barred in whole or in part by statutory caps applicable to Plaintiff's claims.

22. Defendants exercised reasonable care to prevent and correct promptly any unlawfully harassing and/or discriminatory workplace conduct allegedly experienced by Plaintiff; Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise, and thus Plaintiff's claims are barred.

23. Plaintiff's claims for damages are barred in whole or in part by the affirmative defense of mixed motive.

WHEREFORE, Defendants pray that this Court dismiss Plaintiff's First Amended Complaint and that Plaintiff take nothing by this action.  Defendants for the recovery of their costs and attorneys' fees and for such other and further relief to which it may be justly entitled.

Date:  February 3, 2015                        Respectfully submitted,

                                               /s/ Russell D. Cawyer
                                               Russell D. Cawyer
                                               State Bar No. 00793482
                                               Ezra R. Kuenzi
                                               State Bar No. 24078808
                                               **Kelly, Hart & Hallman LLP**
                                               201 Main Street, Suite 2500
                                               Fort Worth, Texas  76102
                                               (817) 878-3558
                                               (817) 878-9280 (Fax)
                                               russell.cawyer@kellyhart.com
                                               ezra.kuenzi@kellyhart.com

                                               **ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2015, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

   Danny C. Wash
   WASH & THOMAS
   6613 Sanger Ave.
   Waco, Texas  76710
   danwash@washthomas.com

                                               /s/ Russell D. Cawyer
                                               Russell D. Cawyer